I agree with the majority that Alabama law completely supports the decision by the trial court denying the appellant's motion for a new trial. See Flowers v. State,586 So.2d 978 (Ala.Cr.App. 1991). However, I do not believe that the present law regarding the inadmissibility of the declaration of a person who is unavailable to testify that he committed the offense for which another is being tried should continue to be the law of this state.
It is certainly time for the Alabama Supreme Court to revisit this issue. The federal courts and an increasing number of jurisdictions have recognized the importance of this type of evidence in the real mission of the criminal justice system — the search for truth. Consequently, the trend has been to allow extrajudicial declarations of a criminal act to be admitted into evidence in a criminal trial. See 92 A.L.R.3d 1164 (1979).
In this case, the appellant produced a witness who had been a former cellmate and who was prepared to testify that he had been told by Steven Yawn, a codefendant in the appellant's case, that the appellant had nothing to do with the murder and that Yawn and Josh Bolen had murdered the victim. This evidence was inconsistent with the appellant's culpability and, if believed by a jury, would have exonerated the appellant as required by Thomas v. State, 539 So.2d 375 (Ala.Cr.App. 1988), cert. denied, 491 U.S. 910, 109 S.Ct. 3201, 105 L.Ed.2d 709
(1989). In addition, there was substantial physical evidence that implicated both Yawn and Bolen. *Page 48 
The federal rule strikes a balance by admitting statements against penal interest, on the condition that the statement's trustworthiness can be bolstered by corroborating evidence. Perhaps a similar requirement would reduce the concern of law enforcement officials and others that criminal defendants are more apt to know people who would perjure themselves.
In light of the above, I urge the Alabama Supreme Court to reexamine Alabama's present rule and to authorize the introduction of evidence that may lead law enforcement officials to discover that which they are charged to find: the truth. *Page 49